IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

PAMELA LYNCH,

        Plaintiff,

v.                                              Case No.: 2:13-cv-27345

ETHICON, INC., et al,

        Defendants.

## ORDER

On Wednesday, September 4, 2019, the court conducted a telephone conference related to the defendants' efforts to depose Patricia Ganja, PA-C, a treating health care provider of Plaintiff. Participating in the conference were Jody Chance, Esquire, counsel for Plaintiff; Anita Modak Truran, Esquire, counsel for Defendants, and Mitchell Stipp, personal counsel for Ms. Ganja. Because the conference was an informal attempt to resolve a discovery dispute, the court did not require Mr. Stipp to be admitted to the court prior to participating in the conference. At the outset of the conference, the court addressed Mr. Stipp's objection to the jurisdiction of this court. Mr. Stipp asserts that this court lacks jurisdiction to resolve a dispute involving his client's pretrial deposition, as the prospective deponent, Ms. Ganja, lives and works in Nevada and is subject to subpoena in that jurisdiction, but not in the Southern District of West Virginia.

The jurisdiction of this court to resolve a pretrial dispute is conferred by 28 U.S.C. § 1407, which provides that in multidistrict litigation ("MDL")—such as the instant case, which is part of the Ethicon MDL pending in this court—"[t]he judge or judges to whom such actions are assigned … may exercise the powers of a district judge in any district for

1

the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(b). For a variety of reasons, courts in multiple jurisdictions, both before and after amendments to Fed. R. Civ. P. 45, have agreed that the court presiding over an MDL has the authority to resolve matters involving pretrial depositions, regardless of the location of the deposition. *See, e.g., In re EpiPen,* Case No. 17-md-2785-DDC-TJJ, 2018 WL 2926581, at *3 (D. Kan. June 11, 2018); *In Re Disposable Contact Lens Antitrust Litigation*, 306 F. Supp. 3d 372, 377-78 (D.D.C. 2017); *In re Bank of New York Mellon Corp. Forex Transactions Litig.*, No. 11 CIV 9175 LAK JLC, 2014 WL 2884726, at *1 (S.D.N.Y. June 26, 2014); *In re New England Compounding Pharmacy, Inc. Prod. Liab. Litig.*, No. MDL 13-2419-FDS, 2013 WL 6058483, at *3 (D. Mass. Nov. 13, 2013); *In re Neurontin Mktg., Sales Practices, & Prod. Liab. Litig.*, 245 F.R.D. 55, 57 (D. Mass. 2007); *United States ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc.*, 444 F.3d 462, 468–469 (6th Cir. 2006); *In re Accutane Prod. Liab. Litig.*, No. 804MD2523T30TBM, 2006 WL 1000311, at *2, n. 3 (M.D. Fla. Apr. 14, 2006); *In re San Juan Dupont Plaza Hotel Fire Litig.,* 117 F.R.D. 30, 32 (D.P.R. 1987); *In re 'Agent Orange' Prod. Liability Litigation,* 597 F. Supp. 740, 751–52 (E.D.N.Y. 1984). Without such authority vesting in the MDL court, the fundamental goals of consistency and efficiency in multidistrict litigation could not be achieved. Therefore, this court finds that it has jurisdiction over pretrial disputes in this MDL, including the current matter.

Next, the court considered the dispute itself. The materials provided by counsel demonstrate several important points. First, Ms. Ganja is a treating health care provider and, therefore, has relevant information in this MDL, because the plaintiff alleges bodily injuries related to the insertion of pelvic mesh, making her medical history, complaints, diagnoses, and treatment significant evidence. Second, Plaintiff has no objection to the

deposition. Third, the deposition was noticed on July 10, to take place on July 22, which was prior to the August 1, 2019 discovery deadline. Fourth, this date was selected only after the defendants unsuccessfully attempted to obtain a convenient date for the deposition from Ms. Ganja. Fifth, Ms. Ganja's personal counsel was assured by the defendants that Ms. Ganja was not a party to the case and was only being deposed as a treating health care provider. The defendants also offered to conduct the deposition before or after Ms. Ganja's clinic hours, explaining that the deposition would last approximately 1 ½ hours. Furthermore, the defendants were willingly to schedule the testimony at a location that would accommodate Ms. Ganja's needs. Despite the defendants' willingness to work with Ms. Ganja to make the deposition as convenient as possible for her, the deposition still has not occurred.

One of Ms. Ganja's stated reasons for refusing to sit for deposition is that the deposition was rescheduled to a date after the close of discovery. To remedy Ms. Ganja's concerns over the discovery deadline, the court **EXTENDS** the discovery deadline as it relates to Ms. Ganja's deposition only. The parties are hereby granted leave of court to depose Ms. Ganja beyond the deadline for completing depositions and discovery.

The Clerk is instructed to provide a copy of this Order to counsel of record and to Mitchell Stipp, personal counsel for Ms. Ganja, at 1180 N. Town Center Drive, Suite 100, Las Vegas, Nevada 89144.

**ENTERED:** September 5, 2019

Cheryl A. Eifert
United States Magistrate Judge